| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00713-KJM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S FIRST APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS SECOND AS MOOT<br><br>ECF Nos. 6 & 7<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO A RECOMMENDATION THAT THIS ACTION BE DISMISSED<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff alleges that his rights were violated when he was extradited from Kansas to face charges in Sacramento. ECF No. 1 at 1-2. His allegations, as articulated, cannot proceed past screening. I will give plaintiff a chance to amend his complaint before I recommend that this action be dismissed. I will also grant the first of his two applications to proceed *in forma pauperis*; the second I will deny as moot. ECF Nos. 6 & 7.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff seeks fourteen million dollars in damages from the State of California for "unlawful arrest" and "kidnapping and carrying [plaintiff] across state lines." ECF No. 1 at 1. As an initial matter, California's sovereign immunity protects it from suits for money damages in a section 1983 action. *See Quern v. Jordan*, 440 U.S. 332, 338-39 (1979).

Plaintiff's second defendant is listed as Sacramento County in the caption of the complaint, but his allegations are directed at the Sacramento County District Attorney's Office. ECF No. 1 at 1. A prosecutor has absolute immunity from section 1983 liability for "initiating a prosecution and in presenting the State's case . . . ." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Other district courts have found that this immunity extends to the prosecution of a plaintiff's extradition. *See, e.g.*, *State ex rel. Riconosciuto v. Burleson*, No. C-93-0861 MHP, 1993 U.S. Dist. LEXIS 3871, *5 (N.D. Cal. 1993) ("Therefore, plaintiff's damages claims against defendants Burleson and Perez based on their prosecution of her extradition are barred as a matter of law.").

I cannot tell how the third defendant, the Sacramento Police Department, is alleged to have violated plaintiff's rights. Plaintiff references wrongdoing by various non-defendant, individual law enforcement officers in both Kansas and California, but fails to ascribe the actions of those officers to any departmental policy or custom. *See Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087 (9th Cir. 2000) ("To hold a police department liable for the actions of its officers, the Mungers must demonstrate a constitutional deprivation, and show that the deprivation was visited pursuant to a police department custom or policy.").

I will give plaintiff leave to amend his complaint before recommending dismissal of this action. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is granted.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is denied as moot.

3. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

4. Failure to comply with this order may result in the dismissal of this action.

5. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    June 22, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE