UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00713-KJM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION AS TO HIS REQUEST FOR AN EXTENSION OF TIME AND DENYING IT AS TO HIS REQUEST FOR TO APPOINT COUNSEL<br><br>ECF No. 14 |

   Plaintiff is a prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On June 22, 2021, the court screened plaintiff's complaint, notified him that it failed to state a claim, and gave him sixty days to file an amended complaint. ECF No. 8. Plaintiff subsequently requested, and the court granted, a thirty-day extension of time to file an amended complaint. On November 8, 2021, after plaintiff failed to timely file an amended complaint, the court ordered him to show cause why this action should not be dismissed for failure to prosecute and for failure to state a claim. ECF No. 13. Plaintiff has now filed a motion asking for a second extension to file an amended complaint and for appointment of counsel. The court will grant plaintiff's request for an extension of time.

   Plaintiff, however, has failed to demonstrate that appointment of counsel is warranted at this time. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to

1

require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Having considered these factors, the court does not that there are exceptional circumstances warranting appointment of counsel. The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion, ECF No. 14, is granted as to his request for an extension of time.

2. Plaintiff is granted thirty days from the date of this order in which to file both an amended complaint and a response to the November 8, 2021 order.

3. Plaintiff's motion, ECF No. 14, is denied as to his request for appointment of counsel.

IT IS SO ORDERED.

Dated:   December 9, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE