UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-00713-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL<br><br>ECF Nos. 17 & 18<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF Nos. 17 & 18<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>    (2) FILE A SECOND AMENDED COMPLAINT<br><br>ECF No. 16<br><br>THIRTY-DAY DEADLINE |

    Plaintiff, a state prisoner, has filed an amended complaint alleging that his rights were violated when he was extradited from Kansas to California to stand trial. ECF No. 16. He has not stated viable constitutional or federal statutory claims. I will give him one final opportunity to amend before recommending dismissal of his claims. I will also deny without prejudice his motions for appointment of counsel, and I will recommend that his claims for injunctive relief contained in those motions also be denied. ECF Nos. 17 & 18.

1

**I.     Screening Order**

    **A.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

    **B.     Analysis**

As an initial matter, plaintiff seeks to bring this complaint as a class action. ECF No. 16 at 1. However, as a *pro se* litigant, he is not qualified to represent anyone but himself. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

Plaintiff's claims concern his extradition from Kansas to California to face charges for assault with intent to rape, kidnapping, and taking or detaining by force and instilling fear. ECF No. 16 at 3, 12. Plaintiff vaguely alleges that he was seized "without a lawful warrant." ECF No. 16 at 3. Under 18 U.S.C. § 3182:

> whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

Plaintiff's arrest in Kansas was undertaken by members of the Butler County Sheriff's department. *Id.* at 3-4. The Kansan officials who effected that arrest, however, are not named as defendants.[1] And, more broadly, the requirements of section 3182 do not appear to have been violated. Plaintiff alleges that former California attorney general Xavier Becerra requested his extradition from Kansas. *Id.* at 5. The letter from the Sacramento District Attorney that is attached to the complaint indicates that at the time of his extradition plaintiff had been charged with various violations of the California Penal Code. *Id.* at 12. The complaint makes no claim that the copy of the indictment provided to Kansan officials was inauthentic or that he is not the person against whom those charges were brought.

One of plaintiff's primary allegations is that a letter from the Sacramento district attorney to the California Attorney General requesting assistance with his extradition was "fabricated and defective." *Id.* at 7. But the letter, which was not addressed to the extraditing state, has no direct

---

[1] Moreover, a letter attached to plaintiff's amended complaint indicates that Californian officials forwarded a warrant of rendition to the governor of Kansas and asked that it be passed on to a warrant coordinator in the Kansan county where plaintiff was seized. ECF No. 16 at 12. Thus, it appears that the Californian officials named in this action provided a warrant for his extradition.

3

bearing on the legality of his extradition. Even if it did, his complaints about the letter are easily disposed of. First, he alleges that the letter did not specify to which state attorney general's office it was addressed. *Id.* But the letter was addressed to an extradition officer in the attorney general's office and was routed to a Sacramento address, making it plain that the letter was sent to the office of the California Attorney General. *Id.* at 12. Second, plaintiff alleges that his name was incorrectly spelled. *Id.* at 7. He is correct on this point insofar as the letter referenced a "Ronal Eugene James." *Id.* at 12. But this apparent typographical error does not render the letter fundamentally defective. Third, plaintiff states that the letter referenced a "governor of El Dorado," which he finds "extremely alarming" considering that El Dorado—the city where the Butler County Jail is located—is not a state. *Id.* at 7. Although I am uncertain of the meaning of the referenced phrase, the letter, which plaintiff attaches to his amended complaint, asked that, if the California Attorney General approved the extradition application, it be forwarded to the governor of Kansas. *Id.* at 12.

      Elsewhere in the complaint, plaintiff alleges issues with his transportation from Kansas to California. He alleges that defendant Tebeau, a detective with the Sacramento Police Department, was his custodian on the flight from Kansas to California. *Id.* at 4. Plaintiff claims that Tebeau refused to allow him to use the bathroom for a period and, as a result, he urinated on himself. *Id.* Plaintiff does not allege that Tebeau's actions put him at substantial risk of suffering serious harm, however. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (A pre-trial detainee bringing a Fourteenth Amendment conditions of confinement claim must allege that conditions "put the plaintiff at substantial risk of suffering serious harm."). Moreover, plaintiff offers no context for this claim. He does not, for instance, allege what justification Tebeau gave for denying him use of the restroom. Without that context, I cannot weigh whether Tebeau took reasonable available measures to abate the risk of harm to plaintiff. *Id.*

      Finally, plaintiff references confiscation of his property by Tebeau. He claims that this defendant seized a straw and two plastic water bottles from him during transit. ECF No. 16 at 4. Property claims may not be brought under section 1983 if the state has an adequate post

1  deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). California has such a
2  remedy, *id.* at 816-17, and plaintiff has not alleged that he has availed himself of it.
3        Out of an abundance of caution, I will allow plaintiff a final opportunity to amend his
4  complaint and to allege why his extradition from Kansas to California was unlawful. If plaintiff
5  chooses to file an amended complaint, the amended complaint will supersede the current
6  complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).
7  This means that the amended complaint will need to be complete on its face without reference to
8  the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the
9  current complaint no longer serves any function. Therefore, in an amended complaint, as in an
10 original complaint, plaintiff will need to assert each claim and allege each defendant's
11 involvement in sufficient detail. The amended complaint should be titled "Second Amended
12 Complaint" and refer to the appropriate case number. If plaintiff does not file an amended
13 complaint, I will recommend that this action be dismissed.

14 **II.     Motions for Appointment of Counsel**

15       Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*
16 *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an
17 attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of*
18 *Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See*
19 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to
20 afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court
21 will seek volunteer counsel only in exceptional circumstances. In determining whether such
22 circumstances exist, "the district court must evaluate both the likelihood of success on the merits
23 [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
24 legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).
25 The court cannot conclude that exceptional circumstances requiring the appointment of counsel
26 are present here. The allegations in the complaint are not exceptionally complicated. Further,
27 plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons,
28 plaintiff's motions to appoint counsel, ECF Nos. 17 & 18, are denied without prejudice.

Plaintiff's motions for appointment of counsel also request that I both order his release from the Sacramento County Sheriff's custody and intervene in the ongoing state criminal proceedings against him.  ECF No. 17 at 2; ECF No. 18 at 10.  I must abstain from considering these allegations, however.  *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  Absent rare circumstances, which plaintiff has not adequately alleged here, federal courts cannot enjoin active state criminal proceedings.  *Id.*  I will recommend that these requests for preliminary injunctive relief be denied.

Accordingly, it is ORDERED that:

1. Plaintiff's requests for appointment of counsel contained in ECF Nos. 17 & 18 are DENIED without prejudice.

2. Within thirty days of service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

Further, it is RECOMMENDED that plaintiff's requests for injunctive relief contained in ECF Nos. 17 & 18 be DENIED.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   May 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE