UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | Case No. 2:21-cv-00713-KJM-JDP (PC) |
| Plaintiff, | ORDER DENY PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND DISCOVERY |
| v. | |
| STATE OF CALIFORNIA, *et al.*, | ORDER GRANTING PLAINTIFF THIRTY DAYS TO RESPOND TO FILE AN AMENDED COMPLAINT AND HOLDING THE JUNE 13, 2022 FINDINGS AND RECOMMENDATIONS IN ABEYANCE |
| Defendants. | |

On May 4, 2022, I notified plaintiff that his complaint did not state a claim and granted him thirty days to file an amended complaint. ECF No. 19. I also warned plaintiff that failure to comply with that order may result in dismissal of this action. *Id*. at 6. On June 13, 2022, after plaintiff failed to timely respond to that order, I recommended that this action be dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim. ECF No. 20. I notified plaintiff that any objections to that recommendation were to be filed within fourteen days. No objections were filed within the deadline. However, plaintiff has since filed untimely objections complaining of not receiving his legal mail. ECF No. 42.

1

In light of plaintiff's filing and his status as a pro se plaintiff, I will grant him one final opportunity to file an amended complaint. Should he again fail to file an amended complaint, the June 13, 2022 findings and recommendations will be submitted to the district judge for consideration.

Plaintiff's request to be appointed counsel is also denied. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff asks that he be appointed counsel to for the purpose of assisting him with re-filing his complaint and complying with court orders. ECF No. 22. Having considered the above factors, the court does find not that there are exceptional circumstances warranting appointment of counsel.

Plaintiff also filed a motion seeking discovery. ECF No. 23. That motion is denied as premature because service of the complaint has not been authorized. Should the complaint proceed past the screening stage, the court will order service and will issue a discovery and scheduling order after defendants respond to the complaint. Plaintiff can then serve defense counsel with requests for discovery pursuant to Federal Rules of Civil Procedure 26-37 and 45. If plaintiff is unable to obtain necessary discovery from defendants, he can file an appropriate motion asking for the court's assistance.

Accordingly, it is hereby ORDERED that:

     1. Plaintiff's request for appointment of counsel, construed as a motion, ECF No. 22, is denied.

     2. Plaintiff's motion for discovery, ECF No. 23, is denied as premature.

     3. The June 13, 2022 findings and recommendations, ECF No. 20, are held in abeyance.

     4. Within thirty days of the date of this order, plaintiff shall file an amended complaint. *See* ECF No. 19.

     5. Should plaintiff fail to timely file an amended complaint, the June 13, 2022 findings and recommendations will be submitted to the district judge for consideration.

IT IS SO ORDERED.

Dated:    October 12, 2022    

                   JEREMY D. PETERSON  
                   UNITED STATES MAGISTRATE JUDGE