UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | Case No. 2:21-cv-00713-KJM-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT THE THIRD AMENDED COMPLAINT BE DISMISSED |
| v. | |
| STATE OF CALIFORNIA, *et al.*, | ECF No. 28 |
| Defendants. | FOURTEEN-DAY DEADLINE FOR OBJECTIONS |
| | ORDER THAT PLAINTIFF'S REQUEST FOR THE COURT TO RESEND DOCUMENTS IS DENIED AS MOOT |
| | ECF No. 29 |

Plaintiff, an inmate in the Sacramento County Jail, alleges that his rights were violated when law enforcement officers from the Butler County Sheriff's Department extradited him from Kansas to California. ECF No. 16 at 3. On May 4, 2022, I found his claims were non-cognizable and offered him a chance to amend his complaint again. ECF No. 19 at 5. When he failed to amend within the deadline provided, I recommended that this action be dismissed for failure to prosecute. ECF No. 20. While those recommendations were pending, plaintiff submitted his late complaint, ECF No. 26, and the district judge referred it to me for screening. ECF No. 27. After that order and before I screened the operative, Second Amended Complaint, plaintiff filed a Third

1

Amended Complaint, ECF No.28. That complaint is now operative and, having reviewed it, I find that it still fails to state a viable claim. I recommend that it be dismissed without leave to amend. In so doing, I will deny plaintiff's request for the court to resend service documents, ECF No. 29, as moot.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As with plaintiff's previous complaints, the allegations in the third amended complaint concern plaintiff's extradition by Butler County law enforcement officers from Kansas to California. ECF No. 28 at 5. As I explained in my previous screening order, 18 U.S.C. § 3182 provides:

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

Plaintiff vaguely alleges that the warrant for his extradition was not "authentic and lawful," but he offers no specific details as to why the document was inadequate. ECF No. 28 at 5. And this does not appear to be an instance of law enforcement officers potentially operating beyond the scope of their authority. Attached to plaintiff's First Amended Complaint is a letter from the Sacramento District Attorney's Office addressed to an extradition officer indicating that a "certified copy of the Application for Requisition" had been enclosed and that plaintiff was to stand trial for assault with intent to rape and other charges. ECF No. 16 at 12. The district judge indicated in her order that the Second Amended Complaint had not remedied the shortcomings of these claims.[1] ECF No. 27 at 2.

In her order, the district judge noted that plaintiff had raised new claims related to his incarceration at the Butler County Jail, alleging that his food was poisoned and that he was gassed with some unidentified chemical. ECF No. 28 at 4. Assuming this is the proper venue[2] for such

---

[1] The Third Amended Complaint is substantively identical in its allegations to its predecessor.

[2] Plaintiff may be referencing the jail in Butler County, Kansas.

3

claims, they are inadequately pled.  Plaintiff does not allege which defendants are responsible for poisoning his food or gassing him.  Nor does he allege any facts regarding these alleged violations such as when they occurred or how many times he was subjected to them.  As such plaintiff's allegations do not meet federal pleading standards.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .").

Accordingly, it is ORDERED that plaintiff's request for the court to resend service documents, ECF No. 29, is DENIED as moot.

Additionally, it is RECOMMENDED that the Third Amended Complaint, ECF No. 28, be DISMISSED without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 24, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE