UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | Case No. 2:21-cv-00713-DJC-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| STATE OF CALIFORNIA, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against the County of Sacramento and several of its employees based on his criminal extradition from Kansas in 2020. ECF No. 35 at 4. On February 27, 2023, I recommended that this action be dismissed for failure to state a claim. ECF No. 30. Instead of filing objections, plaintiff filed a motion to amend his complaint, ECF No. 31, which I granted, ECF No. 32. I held my findings and recommendations in abeyance, *id.*, and will now vacate them. Instead of filing one amended complaint, plaintiff has filed two. ECF Nos. 34 & 35. The allegations in these complaints might, as explained below, state one cognizable claim. They cannot proceed as articulated, however. I will offer plaintiff one final opportunity to

1

amend.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen a pro se litigant's complaint. *See* 28 U.S.C. § 1915(e)(2). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Before turning to the substance of plaintiff's claims, I will direct him to remedy a more fundamental deficiency. Any complaint must be complete without reference to external documents. E.D. Cal., L.R. 220. Here, plaintiff filed two amended complaints which, while substantially similar, are not identical. I cannot tell whether his intent was for the latter to supersede the former, or for the two documents to be read together. Out of an abundance of caution, I will offer plaintiff a chance to amend and to put all allegations in a single complaint. If he does not, I will evaluate only the latter of plaintiff's recently filed complaints.

Turning to the substance of plaintiff's claims, his allegation that defendant Thebeau denied him use of the restroom during the entirety of his extradition presents a potentially cognizable claim. ECF No. 35 at 5. His claim that Thebeau did not have a valid warrant is less certain. Plaintiff is housed in the Sacramento County Jail and, given his allegations, may be involved in state court criminal proceedings. He should clarify whether this is the case. If it is, the court might be forced to abstain from hearing any challenge to his extradition under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). Additionally, plaintiff's complaints reference two separate instances of extradition, one in 2020 and another in 2023. *See* ECF No. 35 at 4, 6. I cannot tell whether the mention of the second date is a typographical error or whether it is intended to support a separate claim.

In light of these uncertainties, I will afford plaintiff a final opportunity to file an amended complaint that addresses these issues and is complete in itself. He is advised that the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original one, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Fifth Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will evaluate only the second of his two recently filed complaints in determining what claims should proceed.

2. The Clerk of Court is directed to send plaintiff a complaint form.

3. Plaintiff's motion to screen the fourth amended complaint, ECF No. 36, is GRANTED.

IT IS SO ORDERED.

Dated:   May 24, 2023

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4