1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONALD EUGENE JAMES,                          Case No.  2:21-cv-00713-DJC-JDP (PC)

12                     Plaintiff,                    ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS
13            v.

14    STATE OF CALIFORNIA, *et al.*,

15                     Defendants.

16

17

18

19

20

21           Plaintiff brings this section 1983 case against the city and county of Sacramento and

22    Thebeau and LeRose, two detectives employed by the Sacramento Police Department.[1]  ECF No.

23    35 at 2.  He alleges that defendant Thebeau arrested him in Kansas without a valid warrant and

24    transported him back to California to face criminal charges, and that he did so at the behest of the

25

26    _____

27           [1]In my last order, I advised plaintiff that, if he declined to file a new amended complaint, I
      would screen the latter of his most recent complaints.  ECF No. 37.  He has not filed a new
28    amended complaint, and this action now proceeds on the complaint at ECF No. 35.

city and county.[2] *Id.* at 4.  He claims that, during transport, Thebeau refused to allow him to use the bathroom, and he urinated on himself.  *Id.* at 5-6.  Plaintiff's claims against Thebeau for refusing to allow him to use the restroom may proceed.  All other claims and defendants should, for the reasons stated below, be dismissed.

## Screening Order

### I.        Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

---

[2] Despite being named in the caption of the complaint, there do not appear to be any claims made explicitly against defend LeRose

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff's allegations regarding the validity of his arrest and the sufficiency of the warrant are barred by the abstention doctrine in *Younger v Harris*, 401 U.S. 37 (1971). Abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, plaintiff indicates that state criminal proceedings are ongoing, ECF No. 35 at 8. Such proceedings implicate important state interests. *People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("A [state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."). And plaintiff has not offered no reason for this court to conclude that his claims regarding the validity of his arrest cannot be raised in state court. Accordingly, I find it appropriate to abstain from hearing those claims.

In contrast, plaintiff's claim that defendant Thebeau prevented him from using the bathroom during his transport states a potentially viable claim. Denying a pretrial detainee "the minimal civilized measure[s] of life's necessities," can amount to a violation of his constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). And this claim does not bear on the validity of his arrest or of charges brought against him. It thus is not barred by *Younger*.

Accordingly, it is ORDERED that:

1.     This action proceeds based only on plaintiff's Fourteenth Amendment claim against defendant Thebeau.

2.     With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the April 14, 2023 complaint, one USM-285 form and instructions for service of process on defendant Thebeau. Within 30 days of service of this order, plaintiff must return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for

service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

3.    The findings and recommendations at ECF No. 30 are VACATED and WITHDRAWN.

Further, it is RECOMMENDED that all other claims and defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    September 20, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>                    Plaintiff,<br><br>         v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>                    Defendants. | Case No.  2:21-cv-00713-DJC-JDP (PC)<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff must submit:

     __1__       completed summons form

     __1__       completed forms USM-285

     __2__       copies of the April 14, 2023 complaint

_____
                                 Plaintiff

Dated:

6