1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RONALD EUGENE JAMES,<br><br>                   Plaintiff,<br><br>        v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>                   Defendants. | Case No.  2:21-cv-00713-DJC-JDP (PC)<br><br>ORDER HOLDING THE SEPTEMBER 20, 2023 FINDINGS AND RECOMMENDATIONS IN ABEYANCE AND DIRECTING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS INTENT TO PROCEED ON HIS FOURTH AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO UPDATE DEFENDANT TEBEAU'S NAME AND DENYING PLAINTIFF'S REQUEST FOR THE COURT TO ORDER THE SACRAMENTO COUNTY POLICE CHIEF TO ACCEPT SERVICE AND DENYING PLAINTIFF'S MOTION FOR A COURT ORDER TO DIRECT SERVICE ON DEFENDANT TEBEAU<br><br>FINDING AND RECOMMENDING THAT PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION BE DENIED<br><br>ECF Nos. 39, 40, 41, & 44 |

        On September 20, 2023, I found that plaintiff's fourth amended complaint stated a viable

Fourteenth Amendment claim against defendant J. Tebeau and recommended that the remaining

1

claims and defendants be dismissed.[1]  ECF No. 39.  I granted plaintiff fourteen days to file objections.  *Id.*  Plaintiff filed objections on October 10, 2023.  ECF No. 40.  Plaintiff argues in the objections that he submitted an amended complaint on June 20, 2023.  *Id.* at 1.  Plaintiff asks that the court either screen that complaint or grant him additional time to re-file it.  *Id.*  A review of the docket reveals that the court did not receive an amended complaint from plaintiff on or near that date.  The most recent complaint received from plaintiff was received on April 14, 2023.  ECF No. 35.  Out of an abundance of caution, I will grant plaintiff thirty days either to file an amended complaint or to notify the court that he wishes to proceed on the Fourth Amended Complaint as screened.  Should plaintiff choose to amend his complaint, I will delay directing service on defendant Tebeau and will screen his amended complaint in due course.  If plaintiff fails to comply with this order, the September 20, 2023 findings and recommendations will be submitted to the district judge for consideration.

Included in plaintiff's objections is a request for a permanent injunction mandating the Sacramento County Sheriff's Department to "strictly abide [by] its policy regarding legal mail."  ECF No. 40 at 2.  Plaintiff alleges that his legal mail is not being processed and delivered within 72 hours and that his legal mail is not being mailed out within 24 hours, as he maintains is required by the inmate handbook.  *Id.*

Plaintiff's motion for a permanent injunction should be denied.  "To be entitled to a permanent injunction, a plaintiff must demonstrate: (1) actual success on the merits; (2) that it has suffered an irreparable injury; (3) that remedies available at law are inadequate; (4) that the balance of hardships justify a remedy in equity; and (5) that the public interest would not be disserved by a permanent injunction."  *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 (9th Cir. 2019) (quoting *Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013)).

Plaintiff he has not demonstrated actual success on the merits.  Moreover, plaintiff has not shown that he has suffered irreparable injury.  His only complaint is about the speed at which his

---

[1] Plaintiff filed a motion to amend the spelling of defendant's name from "Thebeau" to "Tebeau."  ECF No. 41.  That request is granted.

mail is processed. *See Fregia v. Chen*, No. 1:20-cv-01024-ADA-EPG (PC), 2023 WL 2413412, at *2 (E.D. Cal. Feb. 6, 2023) (denying the plaintiff's motion for an injunction to order the warden "to deliver his mail within the lawful period of four business days" because the plaintiff only alleged that he received one piece of mail late, he submitted little to no evidence suggesting that it was done to sabotage the case, and there were no allegations suggesting that it negatively affected his ability to prosecute of the case).[2]

      Plaintiff has filed two other motions.  The first seeks to update the spelling of defendant Tebeau's name and asks for a court order that requires the Sacramento Police Chief to accept service for defendant Tebeau. ECF No. 41.  I will grant the first part of plaintiff's request and direct the Clerk of Court to update the spelling of defendant Tebeau's name.  However, as plaintiff has not informed the court whether he is proceeding on his complaint against defendant Tebeau and because service may not be appropriate at this time, I will deny his second request as premature.  Plaintiff's remaining motion asks that the court order the U.S. Marshal to serve defendant Tebeau without prepayment of cost.  ECF No. 44.  I will also deny this request as premature.  If plaintiff seeks to proceed on his Fourth Amended Complaint, as I noted above, I will direct service on defendant Tebeau.

      Accordingly, it is hereby ORDERED that:

      1. The September 20, 2023 findings and recommendations, ECF No. 39, are held in abeyance.

      2. Plaintiff's motion to file an amended complaint, ECF No. 40, is granted

      3. Plaintiff's motion at ECF No. 41 is granted in part and denied in part.

        a. The Clerk of Court is directed amend the spelling of defendant Thebeau to Tebeau.

---

[2] Additionally, plaintiff seeks to enjoin the Sacramento County Sheriff's Department, but because there is no operative complaint, the Sheriff's Department is not presently a party to this action. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

3

      b. Plaintiff's request for the court to order the Sacramento Police Chief to accept service is denied.

4. Plaintiff's motion for a court order to direct service, ECF No. 44, is denied.

5. Plaintiff shall, within thirty days, either file an amended complaint or notify the court that he wishes to proceed on the Fourth Amended Complaint.

6. Should plaintiff fail to comply with this order, the September 20, 2023 findings and recommendations will be submitted to the district judge for consideration.

Further, it is hereby RECOMMENDED that plaintiff's motion for a permanent injunction. ECF No. 40, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 30, 2023                                _____
                                                                               JEREMY D. PETERSON
                                                                               UNITED STATES MAGISTRATE JUDGE