1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD EUGENE JAMES,                    Case No.  2:21-cv-0713-JDP (P)

12              Plaintiff,                    ORDER

13        v.                                  GRANTING PLAINTIFF'S MOTION TO
                                              CORRECT DEFENDANT'S NAME AND HIS
14   THEBEAU, *et al.*,                       MOTION TO COMPEL IN PART AND
                                              DENYING HIS MOTIONS FOR ISSUANCE
15              Defendants.                   OF A SUBPOENA AND FOR EXTENSION
                                              OF TIME
16
                                              ECF Nos. 68, 69, 70, 71, 74, 76, & 77
17

18

19        Plaintiff brings this case alleging that defendant violated his Fourteenth Amendment rights

20   by refusing to allow him to use the bathroom during extradition transport from Kansas to

21   California.  Several of his motions are now pending.  His motion to correct the spelling of the

22   defendant's name, ECF No. 68, will be granted.  I will also grant his motion to compel, ECF No.

23   71, in part.  The rest, ECF Nos. 69, 70, 74, & 76, will be denied for the reasons stated below.

24                          Motion to Correct the Defendant's Name

25        Plaintiff requests that the name of the defendant on the docket "Tebeau" be updated to

26   reflect defendant's proper name of "Joseph Thebeau."  ECF No. 68 at 1.  The Clerk of Court will

27   be directed to update the docket to reflect this change.  Plaintiff also advises that he is not a state

28

                                            1

1  prisoner, but rather a pretrial detainee.  *Id.*  My previous order inadvertently referred to him as a

2  state prisoner; his status is noted.  This motion is granted.

3                                    Request for Issuance of Subpoenas

4         Plaintiff has filed three separate requests for issuance of subpoenas.  ECF Nos. 69, 74, &

5  76.

6         The first, ECF No. 69, requests a subpoena directing the governor of California to produce

7  the warrant for his extradition.  He claims such production is necessary to determine whether

8  defendant had any specific instructions regarding his transport.  *Id.* at 1.  The only claim active in

9  this case is plaintiff's Fourteenth Amendment claim that defendant denied him access to the

10 bathroom.  ECF Nos. 39 & 49.  Any instructions in the warrant are irrelevant insofar as they

11 would inform the constitutionality of defendant's alleged conduct.  That is, even in the unlikely

12 event that the warrant informed defendant that he was not to allow plaintiff to use the bathroom,

13 those instructions would not justify violation of plaintiff's Fourteenth Amendment rights.

14        The second request for subpoena, ECF No. 74, requests a subpoena for American Airlines

15 to prove that defendant transported him by plane from Kansas.  *Id.* at 1.  This request is also

16 denied.  First, it is unclear whether the basic question of plaintiff's transport by plane is at issue in

17 this case.  Second, the information sought by the subpoena would have no bearing on whether

18 defendant prevented plaintiff from going to the bathroom while he was in his custody.  And,

19 given that serving a subpoena is not costless, a court should decline to serve any that are

20 extraneous or unjustified.  *See Austin v. Winett*, 1:04-cv-05104-DLB PC, 2008 U.S. Dist. LEXIS

21 103279, at *2 (E.D. Cal. Dec. 11, 2008) ("Directing the Marshal's Office to expend its resources

22 personally serving a subpoena is not taken lightly by the court.").

23        The third request for subpoena, ECF No. 76, merely reiterates his desire for his extradition

24 warrant.  It is denied for the same reasons stated above.

25        The fourth and final request for subpoena, ECF No. 77, seeks documents from the

26 Sacramento Police Department.  Specifically, it seeks the warrant for his extradition, the purchase

27 order for his plane ticket, and the plane tickets for any other law enforcement personnel who

28 accompanied defendant in the extradition.  *Id.* at 3-5.  As explained above, the warrant is

1 irrelevant to the claims at issue.  Plaintiff's plane ticket also has no relevance to whether he was

2 allowed to use the bathroom.  And, below, I have granted plaintiff's motion to compel as to

3 interrogatories asking after defendant's coordination with other law enforcement agents.  Thus, it

4 is currently unnecessary to subpoena plane tickets for other agents.  This request is denied.

5 Motion to Compel

6   Plaintiff has filed a motion to compel, ECF No. 71, arguing that defendant failed to fulfill

7 his discovery obligations regarding fourteen interrogatories.

8   Interrogatories one, two, three, and eight all relate to whether defendant had a governor's

9 warrant at the time of plaintiff's extradition.  *Id.* at 8-10.  Defendants objected to these

10 interrogatories for want of relevance.  *Id.*  I agree.  This case proceeds solely on plaintiff's

11 Fourteenth Amendment claim that the defendant denied him use of the bathroom during transport.

12 ECF Nos. 39 & 49.  Claims regarding the sufficiency of his warrant were dismissed.  *Id.*

13   Interrogatory eleven asks defendant to provide the name, address, and badge number or

14 otherwise identify any persons who know facts relevant to the "conduct" described in the

15 interrogatories.  *Id.* at 11.  Defendant objected, stating that "conduct" was ambiguous.  He also

16 provided the same relevance objections as those raised with respect to the warrant interrogatories.

17 *Id.*  The "conduct" at issue is reasonably interpreted (and should be limited to) defendant

18 allegedly denying plaintiff the use of the restroom.  And information about these allegations

19 obtained from other persons would be relevant or possibly lead to relevant discovery.  The motion

20 to compel is granted as to this interrogatory.

21   Interrogatory thirteen asks defendant identify the individual who made a call, the

22 individual who took the call, and the initial remarks about a "suspicious character" at Sacramento

23 International Airport on November 11, 2020.  *Id.* at 11.  Defendant offered objections as to

24 relevance and refused to answer the interrogatory.  *Id.* at 11-12.  Plaintiff claims that this

25 information is relevant because defendant used the possibility of a "suspicious character" at the

26 airport to "conceal his unlawful actions."  *Id.* at 3.  The objections for want of relevance are

27 upheld.  Plaintiff alleges that defendant's denial of the bathroom resulted in him urinating on

28 himself during the flight from Dallas to Sacramento.  ECF No. 35 at 5.  Thus, plaintiff's conduct

at the Sacramento airport and any calls made at that time have no bearing on the sole claim in this case.

Interrogatory fourteen asks for the full name of the individual who extradited him from Eisenhower airport. ECF No. 71 at 12. Defendant objected for want of relevance. *Id.* I construe this interrogatory as asking for defendant's full name. That information is potentially relevant, and defendant's objection does not offer substantive argument to the contrary. The motion to compel is granted as to this interrogatory.

Interrogatory fifteen is a compound interrogatory that asks: (1) when did defendant arrive in Wichita, Kansas; (2) what law enforcement personnel/agencies did they communicate with while there; (3) did any of those agencies/individuals instruct defendant to seize a water bottle and clear plastic straw from plaintiff; (4) identify the hotel defendant stayed at; and (5) state whether defendant took any alcohol or drugs while in Wichita. *Id.* Defendants objected to the entire interrogatory as irrelevant and did not answer any of the subparts. *Id.* I will compel defendant to answer the second subpart and indicate what personnel or agencies he communicated with in Wichita. Plaintiff argues that this information could assist in identifying a peace officer who was also present on the extradition flight. *Id.* at 4. The relevance objections are upheld as to the other subparts. The time of plaintiff's arrival in Wichita, whether law enforcement instructed him to seize a water bottle or straw, choice of hotel, and consumption of alcohol or drugs are all irrelevant to the issues in this case and unlikely to lead to the discovery of other, relevant information.

Interrogatory seventeen asks whether defendant was among the law enforcement personnel who served a warrant at the residence belonging to plaintiff's wife in Wichita, Kansas. *Id.* at 13. Defendants objected that this interrogatory lacked relevance and declined to answer. *Id.* This objection is upheld as the claims surrounding the warrant and its legitimacy are no longer active. And plaintiff has failed to identify any connection between the service of the warrant and defendant's alleged refusal to allow him to use the bathroom during the extradition.

Interrogatory twenty asks defendant to identify who else accompanied him during the extradition. *Id.* at 14. Defendant objected to this interrogatory as irrelevant. *Id.* Defendant's

1    objection is unjustified.  Other individuals who were present during the extradition might have

2    pertinent information as to the claims at issue.  The motion to compel is granted as to this

3    interrogatory.

4         Interrogatory twenty-one asks what "primary role" detective Janine LeRose played in the

5    extradition process.  *Id.*  Defendant objected to this interrogatory as irrelevant, *id.*, but failed to

6    explain why.  "The party who resists discovery has the burden to show that discovery should not

7    be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *See*

8    *Directv, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. Aug. 14, 2002).  I cannot say that the

9    answer to this interrogatory could not lead to relevant information.  The motion to compel is

10   granted as to this interrogatory.

11        Interrogatory twenty-three asks who purchased plaintiff's plane ticket and on what date.

12   ECF No. 71 at 15.  Defendant again objected as to relevance.  *Id.*  Plaintiff argues that this

13   information is relevant because, if defendant was the purchaser, it will prove that "his motive and

14   agenda was unlawful from the outset."  *Id.* at 5.  Plaintiff's argument does not follow and whether

15   defendant purchased plaintiff's ticket has no bearing on whether he refused to allow him to use

16   the bathroom.

17        Interrogatory twenty-four asks whether defendant has conspired with any law enforcement

18   agency to deprive plaintiff of liberty.  *Id.* at 15.  Defendants objected to this interrogatory as

19   vague, ambiguous, and irrelevant.  *Id.*   I agree that this interrogatory is vague and ambiguous.

20   No further answer will be compelled.

21                              <u>Motion for Extension of Time</u>

22        Finally, plaintiff has filed a motion for extension of time to "resubmit" requests for

23   production of documents.  ECF No. 70.  The motion does not request a specific extension time.

24   The scheduling order in this case specified that all written discovery was to be propounded by

25   August 9, 2024.  ECF No. 53 at 5.  This case has been pending since April 2021, and I am not

26   eager to open a new round of discovery.  Accordingly, the motion for extension of time is denied.

27

28

Conclusion

Accordingly, it is hereby ORDERED that:

1.      Plaintiff's request for issuance of a subpoena, ECF Nos. 69, 74, 76, & 77, are DENIED.

2.      Plaintiff's motion to correct name, ECF No. 68, is GRANTED and the Clerk of Court shall alter the docket to reflect that defendant "Tebeau" is properly "Joseph Thebeau."

3.      Plaintiff's motion to compel, ECF No. 71, is GRANTED in part.  Defendant shall supplement his answers to interrogatories eleven, fourteen, fifteen (subpart two only) twenty, and twenty-one.  It is denied in all other respects.  Discovery shall be extended for the limited purpose of compliance with this order.  Defendant shall supplement his answers within thirty days of this order's entry.  Plaintiff may file any discovery related motion concerning those new answers within sixty days of this order's entry.

4.      Plaintiff's motion for extension of time, ECF No. 70, is DENIED.

IT IS SO ORDERED.

Dated:    November 14, 2024                      _____
                                                                       JEREMY D. PETERSON
                                                                       UNITED STATES MAGISTRATE JUDGE