1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD EUGENE JAMES,                        Case No.  2:21-cv-0713-JDP (P)

12                  Plaintiff,

13           v.                                  ORDER

14   STATE OF CALIFORNIA, *et al.*,

15                  Defendants.

16

17

18          Plaintiff has four motions pending: a motion for court-ordered law library access and

19   "extraction," ECF No. 82; a motion to show cause, ECF No. 86; a motion to change the name of

20   the case, ECF No. 88; and a motion to compel, ECF No. 89.  Defendants oppose the motion to

21   compel.  ECF No. 90.  Plaintiff's motions are denied.

22                **Motion for Court-Ordered Law Library Access and for Extraction**

23          Plaintiff first moves this court to order his current jail to give him access to the law

24   library.  ECF No. 82.  He contends that he received discovery on flash drives that he cannot

25   access without using the law library, and that the jail is impeding his ability to access the library.

26   *Id.* at 1-2.  Plaintiff may show this order to the appropriate officials and offer it as verification that

27   he is litigating this action *pro se.*  I decline, however, to interfere with the operations of the

28

                                        1

Sacramento County Jail directly and to order that he either be provided a specific period of access to the library or be given any particular services. If his access continues to be inadequate after presenting this order as proof that he is litigating *pro se*, he may notify the court.

In the same motion, plaintiff asks for an "extraction order," stating he has been unlawfully held by Sacramento County, and that the sheriff has refused to transport him to federal court. *Id.* at 2-3. Plaintiff has not been ordered to appear before the court, and he cites no law to support his request. Plaintiff's motion is denied.

### Motion to Show Cause

Plaintiff moves this court to order non-parties Deputy Joseph Caples, the law library deputy; Ruby, a law librarian; and Lieutenant Mulligan to answer for allegedly missing flash drives. ECF No. 86. According to plaintiff, he was presented with legal mail communicating that one flash drive had been sent to him, and that the flash drive was in Caples's possession. *Id.* at 1. Plaintiff later filed a grievance, complaining that information had been deleted from that flash drive. *Id.* at 1-2. In response, Caples stated that he had six flash drives containing digital discovery for plaintiff's civil suit. *Id.* at 2. However, when plaintiff reviewed the flash drives, only one contained digital discovery for his civil case, and the remaining five contained digital discovery for his criminal cases. *Id.* Plaintiff asks this court to order these non-parties to "show cause" and to explain why Caples stated that the six flash drives contained his civil discovery when they did not. *Id.* I will deny plaintiff's motion, since this court cannot issue an order against non-parties. *See Driver v. Kern Cnty. Superior Ct.*, No. 2:20-cv-1665-TLN-KJN, 2023 WL 3340887, at *27 (E.D. Cal. May 10, 2023) (denying plaintiff's motion to show cause because it was directed to non-parties).

### Motion to Change the Case Name

Plaintiff moves this court to change the case name to reflect the original parties to the suit that have since been dismissed. ECF No. 88. I will deny plaintiff's motion as unnecessary. This case's name on the court's internal operating system remains *James v. State of California, et al.*, and no change needs to be made.

**Motion to Compel**

### A.     Background

Plaintiff moved to compel defendant to provide additional information in his original interrogatory responses.  ECF No. 71.  I partially granted the motion, ECF No. 81, as to the following interrogatories: In interrogatory eleven, plaintiff asked defendant to provide the name, address, and badge number or otherwise identify any persons who know facts relevant to the "conduct" described in the interrogatories.  *Id.* at 3.  In interrogatory fourteen, plaintiff asked for the full name of the individual who extradited him from Eisenhower airport, which this court construed as asking for defendant's full name.  *Id.* at 4.  Interrogatory fifteen partially asked with which law enforcement personnel or agencies defendant communicated while in Wichita, Kansas.  *Id.*  Interrogatory twenty-one asked what "primary role" detective Janine LeRose played in the extradition process.  *Id.* at 5.

Defendant complied with my order and provided plaintiff with supplemental responses to the interrogatories.  ECF No. 89 at 8-11.  To interrogatory eleven, defendant identified "Sacramento Police Department Sergeant Terrance Mercadal, Badge Number 3090," as a person who could know facts relevant to the current action.  *Id.* at 9.  Defendant provided his full name in response to interrogatory fourteen.  *Id.*  To interrogatory fifteen, defendant stated that "[t]here was communication with Butler County Sheriff's Department and Butler County Jail to arrange the Plaintiff's transportation to Dwight Eisenhower National Airport."  *Id.* at 10.  In interrogatory twenty-one, defendant answered that "Detective Janine LeRose was assigned to the Warrants/Missing Person unit for the Sacramento Police Department.  Prior to Detective LeRose's retirement in 2020, LeRose's job duties included the extradition of prisoners from other states, and obtaining Governor's Warrants for prisoners refusing to be extradited."  *Id.* at 11.

Plaintiff now moves this court to compel additional responses to these interrogatories.  ECF No. 89.  As for interrogatory eleven, plaintiff contends that defendant's answer was incomplete because he did not provide an address for Mercadal, did not state what shift Mercadal worked, and did not explain how plaintiff could locate Mercadal.  *Id.* at 2.  Plaintiff challenges defendant's response to interrogatory fourteen, arguing that defendant still has not provided the

full name of the person whom defendant extradited. *Id.* As for interrogatory fifteen, plaintiff argues that defendant failed to state whether he visited any law enforcement agencies, and failed to identify the name of each agency and individual with whom he spoke, including those individuals' names and badge numbers. *Id.* at 3. Finally, plaintiff contends that defendant's answer to interrogatory twenty-one was insufficient because plaintiff did not ask what LeRose's job description was, but instead asked what her primary role was in extraditing plaintiff. *Id.* Plaintiff moves this court to issue sanctions against defendant and to find defendant in contempt of court. *Id.* at 4-5.

Defendant opposes plaintiff's motion to compel. ECF No. 90. He argues that plaintiff failed to meet and confer regarding the allegedly insufficient responses, in violation of federal rules. *Id.* at 4-5. He also contends that his answers sufficiently complied with this court's order to compel. *Id.* at 2-4. Regarding interrogatory eleven, defendant argues that his supplemental response was complete despite not including Mercadal's address, because Mercadal's address is confidential under California law. *Id.* at 2. He also argues that even if Mercadal's address was not protected, he does not know Mercadal's address, and Mercadal is a City of Sacramento employee, meaning that Mercadal is equally represented by the Sacramento City Attorney's Office, an address plaintiff is familiar with due to this litigation. *Id.* To interrogatories fourteen and fifteen, defendant contends that his answers fully complied with this court's order. *Id.* at 3-4. He also argues his response to interrogatory twenty-one complied with this court's order, and that to the extent plaintiff requested information regarding LeRose's personal involvement in plaintiff's extradition, he did not have personal knowledge of that information. *Id.* at 4.

### B.    Analysis

Under Federal Rule of Civil Procedure 34, "[t]he party to whom [a request for production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The responding party may state an objection to any request but must offer a specific rationale for doing so. In responding to a request to produce documents, the responding party must affirmatively state whether any responsive materials are being withheld on the basis of the proffered objection. Fed. R. Civ. P. 34(b)(2)(C).

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the initial burden of establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), but "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *See Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017) (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

As an initial matter, defendant is correct that parties generally must meet and confer before bringing discovery disputes before the court. While plaintiff has apparently failed to meet and confer regarding this dispute, I will not deny the motion to compel for that reason, and I encourage plaintiff to confer with defendant before filing any future motions of this nature.

That being said, I deny plaintiff's motion to compel because defendant has adequately supplemented his interrogatory responses. Defendant's response to plaintiff's interrogatory number eleven sufficiently provides the name, address, and badge number of any person with facts relevant to the "conduct" at issue in the current suit. Defendant explained that he does not have personal knowledge of Mercado's address, and that plaintiff has the ability to find Mercado via the Sacramento Attorney General's Office—an office with which plaintiff is familiar at this point in the litigation.

Additionally, defendant's answers to interrogatories fourteen and fifteen sufficiently comply with this court's prior order. As for interrogatory fourteen, I previously directed defendant to answer this interrogatory by providing plaintiff with defendant's full name. *See* ECF No. 81 at 4. Defendant complied with my prior instruction. *See* ECF No. 89 at 9. I also directed defendant to state what law enforcement personnel or agencies defendant communicated with while in Wichita, Kansas, and defendant's supplemental response complies with that order. *See* ECF No. 81 at 4; ECF No. 89 at 10. Finally, defendant's response to interrogatory twenty-one sufficiently complies with my prior order. Defendant listed LaRose's role in the extradition process generally, but he states that he has no personal knowledge of LaRose's personal

involvement in extraditing plaintiff.  ECF No. 89 at 11.  Defendant sufficiently responded to plaintiff's interrogatories, and plaintiff's motion to compel is denied.  Plaintiff's request for sanctions and to hold defendant in contempt are similarly denied.

**Conclusion**

Accordingly, it is ORDERED that:

1.      Plaintiff's motion to modify for law library access and "extraction," ECF No. 82, is DENIED.

2.      Plaintiff's motion to show cause, ECF No. 86, is DENIED.

3.      Plaintiff's motion to correct the case name, ECF No. 88, is DENIED.

4.      Plaintiff's motion to compel, ECF No. 89, is DENIED.

5.      The court's June 13, 2022 findings and recommendations, ECF No. 20, are vacated.

IT IS SO ORDERED.

Dated:    March 7, 2025                                    _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE