UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH THEBEAU,<br><br>  Defendant. | Case No. 2:21-cv-0713-JDP (P)<br><br>ORDER |

      Plaintiff, proceeding *pro se*, brought this action under § 1983, alleging that defendant Thebeau, an officer with the Sacramento Police Department, violated his Fourteenth Amendment rights by declining to let him use the restroom during an extradition flight from Dallas to Sacramento. Defendant has moved for summary judgment, ECF No. 92, plaintiff has filed an opposition, ECF No. 95, and defendant has filed a reply, ECF No. 99. For the reasons stated below, defendant's motion will be granted, and judgment entered in his favor. I necessarily deny plaintiff's motions to postpone ruling on the motion for summary judgment, ECF No. 96, and for a preliminary injunction, ECF No. 97.

Legal Standards

      Summary judgment is appropriate where there is "no genuine dispute as to any material

1

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts

demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## Background

Plaintiff alleges, in a verified complaint, that, in November 2020, he was extradited from Wichita, Kansas, to Sacramento, California. ECF No. 35 at 4. He claims that defendant Thebeau, a detective charged with his custody during the transport, prevented him from using the bathroom during a lengthy flight, which included a layover in Dallas, Texas. *Id.* at 5. Plaintiff alleges that, after asking Thebeau to use the restroom multiple times, he eventually urinated on himself during the flight from Dallas to Sacramento. *Id.* Based on these allegations, I found that he had stated a potentially cognizable Fourteenth Amendment[1] conditions of confinement claim.

## Analysis

Defendant argues that plaintiff cannot establish that his Fourteenth Amendment rights

---

[1] I found it appropriate to cast plaintiff's claim under the Fourteenth Amendment, rather than the Eighth, because he was not yet a prisoner at the time of the events at issue.

3

1   were violated. I agree. A successful Fourteenth Amendment conditions of confinement claim

2   requires a showing of four elements:

3   (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those
4   conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures
5   to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk
6   involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused
7   the plaintiff's injuries.

8   *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022) (citing *Gordon v. Cty. of Orange*, 888 F.3d

9   1118, 1125 (9th Cir. 2018)). "Whether the conditions and conduct rise to the level of a

10  constitutional violation is an objective assessment that turns on the facts and circumstances of

11  each particular case." *Cedillos v. Youngblood*, No. C21-00138, 2021 U.S. Dist. LEXIS 115477,

12  *11 (E.D. Cal. June 21, 2021). Here, plaintiff cannot show that the conditions alleged put him at

13  substantial risk of suffering serious harm.

14          Significantly, we do not write on a clean slate. Various courts in this circuit have found

15  that other claims alleging restricted access to the bathroom do not give rise to a substantial risk of

16  serious harm. In *Madison v. Pierce County Jail*, where the plaintiff alleged that he was forced to

17  wait twenty minutes to an hour to use the restroom and to urinate and defecate in plastic bags, the

18  court held that, though uncomfortable, these claims did not give rise to a substantial risk of

19  serious harm. No. 3:22-cv-05246-RSM-BAT, 2022 U.S. Dist. LEXIS 205595, *11-12 (W.D.

20  Wash. Oct. 26, 2022); *see also Miles v. Pierce County Jail*, No. 3:22-cv-05247-RJB-TLF, 2023

21  U.S. Dist. LEXIS 86797, *10 (W.D. Wash. Apr. 24, 2023) (same). In *Reinert v. Billings Police

22  Dep't*, a pretrial detainee's allegation that he was denied access to the restroom for three hours

23  was insufficient to state a claim. No. CV 16-00154-BLG-DWM-JCL, 2017 U.S. Dist. LEXIS

24  182812, *10-11 (D. Mont. Aug. 16, 2017). In this district, a court found that being restricted to a

25  holding cell for eight and a half hours without bathroom access was insufficient to state a claim.

26  *Garcia v. Garcia*, No. 1:17-cv-01313-BAM (PC), 2018 U.S. Dist. LEXIS 242080, *12 (E.D. Cal.

27  May 30, 2018) ("Plaintiff's suggestion that he was in the holding cell for approximately 8 1/2

28  hours without restroom access or food is insufficient to state a claim."); *see also Hopkins v. Kings*

*Cnty. Jail*, No. 1:23-cv-01555-JLT-EPG (PC), 2025 U.S. Dist. LEXIS 30678, *15 (Feb. 20, 2025) ("Here, Plaintiff's allegations that he was denied the use of the toilet in his cell because it was overflowing on a single occasion for about five hours are insufficient to state a claim upon which relief may granted.").

Plaintiff's allegations fit within the contours of the rejected claims described above.[2] Taking his allegations as true, he was deprived of use of the restroom for a period of hours during his transit. This is not a substantial risk of serious injury. Indeed, the worst outcome of the deprivation allegedly came to pass; plaintiff urinated on himself. This event cannot be said to implicate any physical injury insofar as there would be no medical treatment considered or rendered for it. And, critically, recovery of damages for an emotional or mental injury is barred where there is no allegation of physical injury underlying that claim. *See* 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 625 (9th Cir. 2002) ("The district court correctly interpreted § 1997e(e) to require a showing of more than de minimis physical injury in order to recover compensatory damages for mental or emotional injury. Under that standard, the district court did not err in dismissing the detainee's claims for emotional injury."). Finally, I note that plaintiff's opposition offers no legal or factual basis for finding a substantial risk of serious injury. Indeed, his opposition consists of responses to defendant's statement of undisputed facts, with several exhibits attached thereto.

I further find that plaintiff's motion to postpone ruling on the motion for summary judgment, ECF No. 96, should be denied. Therein, he argues that he is near obtaining evidence that will: (1) show that defendant Thebeau perjured himself in a declaration; (2) prove that he was

---

[2] Courts outside this circuit have reached similar conclusions. *See Mason v. Lax*, 3:20-CV-00039 (KAD), 2020 U.S. Dist. LEXIS 70799, *11-12 (D. Conn. Apr. 22, 2020) ("Here, the Plaintiff alleges that Officer Lax refused to allow him to access a bathroom during their encounter on the street and after they arrived at the police station, despite the Plaintiff's repeated requests and explanation of his medical need to urinate. As a result of this continued refusal, the Plaintiff eventually urinated on himself during the booking process. These allegations do not plausibly allege a constitutional violation."); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) ("Here, Mr. Ledbetter's contention that he was placed in his bare feet in a cell without a toilet for five hours does not allege a sufficiently serious deprivation to constitute a constitutional violation.").

5

"kidnapped;" and (3) prove his foregoing claims regarding denial of restroom use. *Id.* at 1. These contentions do not warrant postponing a ruling on the motion for summary judgment. First, the motion has already been pending for more than two months and plaintiff has not moved to enter any new evidence. Second, even if the new evidence established the three points identified above, they would not defeat summary judgment.

Finally, in determining that defendant is entitled to summary judgment, I necessarily find that plaintiff's motion for injunctive relief, ECF No. 97, must be denied.

Conclusion

Accordingly, it is ORDERED that:

1. Defendant's motion for summary judgment, ECF No. 92, is GRANTED. The Clerk of Court is directed to enter judgment in his favor and close this case.

2. Plaintiff's motion to postpone ruling, ECF No. 96, and for preliminary injunction, ECF No. 97, are DENIED.

IT IS SO ORDERED.

Dated:   May 13, 2025                            _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE